DEXTER v. SOTO NUSSA, DISTRICT JUDGE.

APPLICATION for a Writ of *Certiorari.*

No. 38.—Decided December 20, 1907.

JUDICIAL ADMINISTRATION OF PROPERTIES OF DECEDENTS—WHO MAY APPLY THEREFOR.—The judicial administration of the property of a decedent must be governed by the provisions of Chapter V of the Act relating to Special Legal Proceedings and may be applied for only by the testamentary executor thereof, and in case none shall have been appointed, or in the absence of a legally valid will, by the decedent's surviving spouse or any heir by force of law, or any person presenting himself and claiming to be a testamentary heir or legatee, or any unsecured creditor with a written title.

ID.—The provisions of section 25 of the Act relating to Special Legal Proceedings, in determining who have the necessary capacity to demand judicial administration, must be construed in relation with the provisions of the succeeding section of the said act.

ID.—PROPERTY OF ABSENT PERSONS.—In order that judicial administration of the property of an absent person may be ordered, it is necessary that a sworn affidavit be presented stating the necessary circumstances, in accordance with the provisions of section 83 of the Act relating to Special Legal Proceedings, and the petitioner must show his capacity to apply for such administration, in accordance with the provisions of section 93 of the Civil Code.

ID.—ESTATES OF DECEDENTS WITHOUT KNOWN NEXT OF KIN.—The administration of the estate of a person dying in Porto Rico without leaving any known next of kin, or if such be absent, the provisions of Chapter IV. of the said Act relating to Special Legal Proceedings must govern, the district courts having jurisdiction of cases in which it is proper to apply the provisions of that chapter.

The facts are stated in the opinion.

*Mr. Hord* for petitioner.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Francis H. Dexter made application to this Supreme Court for the issuance of a writ of *certiorari* to the Judge of the District Court of Mayagüez, Isidoro Soto Nussa, for the review of the proceedings had in said court in the matter of the judicial administration of property situated in Mayagüez, which property had belonged to Joaquin Sánchez de Larragoiti, a citizen of the United States, who died in Paris on July 23 of the current year.

The writ applied for having issued on the 2d of the current month of December, the said judge transmitted to this Supreme Court the original record of the proceedings referred to therein.

It appears from the record that Francis H. Dexter applied to the District Court of Mayagüez on November 23 last for the appointment of a judicial administrator for the property which Joaquin Sánchez de Larragoiti, a citizen of the United States of America residing in Paris, France, had left on his death in said Municipal District of Mayagüez, and he prayed that the appointment should be made in his favor, alleging to this end that the said Larragoiti had died in Paris on July 23 of the current year, and that the real property left in Porto Rico consisted solely of the building and equipment composing the Altagracia sugar central, together with a tract.

of land of 22 *cuerdas,* which property was situated in the Municipality of Mayagüez.

The said Mayagüez court, by decision of the same day, November 23, denied the application for the appointment of an administrator on the ground that the petitioner lacked legal capacity in accordance with the provisions of section 23 of the Act relating to Special Legal Proceedings, approved March 9, 1905, and title 6, first and only chapter of the said act, in relation with the Civil Code, to apply for such administration.

We find that the foregoing decision conforms to the provisions of the Act relating to Special Legal Proceedings, because according to section 23 of said act cited by the judge, the judicial administration of a decedent's estate can be applied for only by the executor of his last will, or in case none has been appointed or if the decedent left no validly executed will, by the surviving spouse of the decedent or any heirs at law, or by any person claiming as testamentary heir or legatee, or by any unsecured creditor with written title. The petitioner, Francis H. Dexter, does not appear in any of said capacities, nor does he apply for the judicial administration on behalf of any such person.

Section 25 of said act, cited by the petitioner in this Supreme Court in opposing the decision of the Mayagüez court, does not favor him either, because no capacity can be recognized in him for the purposes of said section, if it be considered, as it should be, not by itself, but in connection with the section which follows it.

In this case the administration of the property of a deceased person is involved, and therefore the provisions of chapter 5 of the Act relating to Special Legal Procedings must govern; but if Francis H. Dexter should desire to protect his right under Title VI of said act, which refers to the administration of property of absent persons, his application could not be admitted either in accordance with the provis-

ions of the first and only chapter of said title, in relation with sections 93 to 103 of the Civil Code, because no affidavit has been made containing the necessary circumstances, nor is he a lawful party for the institution of proceedings in his own right as section 93 of said Civil Code requires.

In principle it appears to us that when a person dies leaving property in Porto Rico and his property is abandoned owing to the lack of known relatives or their absence, such property cannot remain abandoned, but the proper district court must proceed to take measures for its security and appoint an administrator therefor, according to the provisions of chapter 4 of the act relating to special legal proceedings; but it does not devolve upon this Supreme Court but upon the Mayagüez court to decide whether the time to apply such principle has arrived.

We must not omit the fact that the original record of the proceedings had in the Mayagüez court contains a petition of Francis H. Dexter, without date, with a jurat, also undated and unsigned, in which petition said Dexter prayed that he be appointed assistant administrator with full power to protect the interests of the Estate of Joaquin Sánchez de Larragoiti in this Island as a domiciliary administrator could do if the said Joaquin Sánchez de Larragoiti had died in Porto Rico; but as the Mayagüez court did not render any decision on this petition and Dexter did not repeat its contents or renew the petition contained therein in the other petition which led to the decision the subject of the application for a writ of *certiorari*, we must ignore this petition for appointment as assistant administrator as Dexter ignored it in applying in his second petition for appointment as judicial administrator, especially when Dexter himself informs us in his application for a writ of *certiorari* that he presented his second petition for the purpose of conforming to the opinion of the judge, who had informed him that the first petition was insufficient, not appropriate, and not in accord with the laws in force in

Porto Rico, and that it was necessary for him to present another in accordance with the provisions of the Act relating to Special Legal Proceedings.

If Francis H. Dexter believed that the first petition was sufficient and conformed to the law he should not have filed the second, and, instead, should have requested the judge to decide the first one. Not having done so, he accepted the consequences of the second petition, and therefore that is the one we have examined in relation with the order of the Mayagüez court thereon.

For the reasons stated the writ of *certiorari* issued to the judge of the Mayagüez court on the second instant should be annulled and consequently the original records transmitted by him to this Supreme Court, in compliance with said writ, should be returned to him for the proper purposes.

*Annulled.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.